UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WEIZMAN FL PROPERTIES, LLC,
a Florida limited liability company,

    Plaintiff,                                            CASE NO.:

v.

MICHAEL MARANDA, an individual,

    Defendant.
_____/

## COMPLAINT

Plaintiff, WEIZMAN FL PROPERTIES, LLC ("Plaintiff"), brings this action against Defendant, MICHAEL MARANDA ("Defendant"), and alleges:

## PRELIMINARY STATEMENT

1. This is an action for monetary damages stemming from Defendant's breach of contract, fraud, and conversion related to Defendant's attempt to sell a commercial property to Plaintiff and Defendant's acceptance of more than five hundred thousand dollars ($500,000) of sales proceeds for a property that Defendant was already under to contract to sell to another buyer and to which he knowingly could not convey clear title.

## PARTIES

2. Plaintiff, WEIZMAN FL PROPERTIES, LLC, is a Florida limited liability company and its only member is a citizen of New Jersey.

3. Defendant, MICHAEL MARANDA, is a citizen of New York and otherwise *sui juris*.

-2-

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between Plaintiff, a Florida limited liability company, and Defendant, a citizen of New York, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a) because Defendant committed fraud and conversion in Florida, and Defendant breached a contract in Florida. This Court also has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a) because Defendant caused injury to persons within the State of Florida.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

A. **Defendant Dupes Plaintiff To Enter Into a Contract To Purchase A Property That Defendant Was Already Under Contract To Sell To Another Buyer.**

7. On April 29, 2022, Plaintiff and Defendant entered into a Commercial Contract (the "Contract") for the sale and purchase of commercial property located at 2375 N.W. 70 Avenue, Unit B8, Miami, FL 33122 (the "Property"). A true and correct copy of the Contract is attached and incorporated as Exhibit "A".

8. Pursuant to the Contract, Plaintiff agreed to pay Defendant $525,000.00 for the Property. *Id.*

9. Closing occurred on May 13, 2022 (the "Closing Date").

10. In connection with the closing, Defendant delivered, among other documents, a No Lien, Possession and Gap Affidavit (the "Affidavit). A true and correct copy of the Affidavit is attached as Exhibit "B".

11. In the Affidavit, Defendant represented, among other things, that Defendant had "not executed any contracts for sale affecting the Property which is currently effective except for" the Contract between Plaintiff and Defendant. *Id.*, ¶ 6. Defendant further represented that there were "no matters pending against" Defendant that "could give rise to a lien that would attach to the Property or would adversely affect the title to the Property of [Defendant's] ability to close on the sale of the Property . . ." *Id.*, ¶ 7. Such representations, which Plaintiff reasonably and justifiably relief upon, were knowingly false when made by Defendant on the Closing Date.

12. Defendant also delivered to Plaintiff a Warranty Deed on the day of closing. A true and correct copy of the Warranty Deed is attached as Exhibit "C". In the Warranty Deed, Defendant covenanted that he had lawful authority to sell and convey the Property, warranted title to the Property, and agreed to defend the title against lawful claims of other persons. *See* Ex. B. Defendant did not have lawful authority to sell and convey the Property to Plaintiff on the Closing Date.

13. On May 13, 2022, Plaintiff wired the sales proceeds to Defendant in the amount of $518,865.23 (the "Sales Proceeds"). A true and correct copy of the HUD-1 Settlement Statement and Wire Transfer Confirmation are attached as Exhibit "D".

**B.  After Wiring Defendant $518,865.23 In Connection With A "Closing", Plaintiff Discovers A Lis Pendens Recorded Against The Property And a Specific Performance Action Filed Against Defendant.**

14. After the Closing Date, and after Defendant accepted the Sales Proceeds wired by Plaintiff, Plaintiff, through his authorized agent, discovered before recording the Warranty Deed

to the property that a complaint for specific performance had been filed against Defendant and a Notice of *Lis Pendens* had been recorded against the Property by another purchase (the "Prior Contract Purchaser") that Defendant had entered into a contract with to sell the Property. A true and correct copy of the Complaint, Notice of *Lis Pendens*, and Docket Sheet associated with *Armand Meyara v. Michael Maranda*, Case No. 2022-008262-CA, Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Prior Contract Purchaser's Action") is attached as Composite Exhibit "E".

15. According to the Prior Contract Purchaser's Action and the exhibits attached to it, Defendant had entered into a contract to sell the Property to the Prior Purchaser on April 11, 2022 for a purchase price of $250,000.00, and with a scheduled closing date of May 2, 2022.

16. On April 28, 2022, the same day that Defendant signed the Contract with Plaintiff to sell the Property for more than double the amount he was under contract for with the Prior Contract Purchaser, Defendant advised the Prior Contract Purchaser by email that "[f]or personal reasons [Defendant] cannot sell the property" after the Prior Contract Purchaser had advised on several occasions that the Prior Purchaser was ready to close.

17. On May 4, 2022, ten (10) days before the Closing Date with Plaintiff and accepting the Sales Proceeds wired by Plaintiff, the Prior Contract Purchaser filed his Complaint and recorded a Notice of *Lis Pendens* against the Property.

18. Upon information and belief, Defendant was aware of the Prior Contract Purchaser's lawsuit and recording of the Notice of *Lis Pendens* prior to Defendant accepting the Sales Proceeds on May 13, 2022.

19. The Prior Contract Purchaser's Action was fully resolved when Defendant conveyed the Property to the Prior Contract Purchaser via Warranty Deed recorded on July 15,

-5-

2022, a Notice of Voluntary Dissolution of *Lis Pendens* was filed on July 19, 2022, and the Prior Contract Purchaser filed a Notice of Voluntary Dismissal With Prejudice on September 27, 2022.

**C.     Defendant Continues to Wrongfully Retain Plaintiff's $518,865.23.**

20.    Plaintiff has repeatedly demanded the return of the Sales Proceeds.

21.    To date, Defendant continues to wrongfully retain the Sales Proceeds.

22.    To date, Defendant pocketed at least $250,000.00 from the sale of the Property to the Prior Contract Purchaser, and continues to wrongfully retain Plaintiff's $518,865.23 of sales proceeds for a Property that he could not validly convey to Plaintiff.

23.    All conditions precedent to the commencement and maintenance of this action have been satisfied, performed, waived, or otherwise discharged

### COUNT I
### BREACH OF CONTRACT

24.    Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25.    Plaintiff and Defendant entered into the Contract for the purchase and sale of the Property.

26.    Plaintiff performed all duties required under the Contract, including the wiring of the Sales Proceeds to Defendant.

27.    Pursuant to paragraph 6 of the Contract, Defendant was required to convey marketable title to the Property by statutory warranty deed, free of liens, easements, and encumbrances of record.

28.    Despite Plaintiff's performance under the Contract, Defendant materially breached his obligation under the Contract by failing to deliver fee simple title to the Property.

29. Defendant's breach of the Contract was knowing and willful because Defendant was under contract to sell the Property to another buyer, and a Notice of *Lis Pendens* was recorded against the Property prior to the Closing Date.

30. As a direct result of Defendant's breach of the Contract, Plaintiff has suffered damages.

31. The Contract allows the prevailing party of "any claim or controversy arising out of or relating to this Contract" to recover "reasonable attorneys' fees, costs, and expenses." Exh. A (Contract), ¶ 15.

WHEREFORE, Plaintiff, WEIZMAN FL PROPERTIES, LLC, demands judgment in its favor and against Defendant, MICHAEL MARANDA, for breach of contract, attorneys' fees and costs of collection, and for any such further relief this Court deems just and proper.

## COUNT II
## FRAUD

32. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

33. On May 4, 2022, the Prior Purchaser recorded a Notice of *Lis Pendens* on the Property and was under contract with Defendant to Purchase the Property for $250,000.00.

34. On May 13, 2022, Defendant knowingly and intentionally misrepresented to Plaintiff that Defendant had "not executed any contracts for sale affecting the Property which is currently effective except for" the Contract between Plaintiff and Defendant; there were "no matters pending against" Defendant that "could give rise to a lien that would attach to the Property or would adversely affect the title to the Property of [Defendant's] ability to close on the sale of the Property . . ."; and he had lawful authority to sell and convey the Property.

40585006.6.docx

35. Defendant made these misrepresentations to Plaintiff with the intention of inducing Plaintiff to pay Defendant the Sales Proceeds for a Property that was already encumbered by the Prior Contract Purchaser's Notice of *Lis Pendens* and the subject of a specific performance action.

36. In reliance on Defendant's misrepresentations, Plaintiff wired Defendant the Sales Proceeds.

37. As a direct result of Defendant's fraudulent misrepresentations, Defendant misappropriated $518,865.23 through the sale of the Property for which Defendant could not deliver fee simple title.

38. As a direct result of Defendant's fraud, Plaintiff suffered monetary damages for amounts paid and expenses.

WHEREFORE, Plaintiff, WEIZMAN FL PROPERTIES, LLC, demands judgment in its favor and against Defendant, MICHAEL MARANDA, for fraud and for any such further relief this Court deems just and proper. Plaintiff reserves the right to plead punitive damages.

## COUNT III
## CONVERSION

39. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

40. In May 2022, Defendant misappropriated Plaintiff's money by wrongfully accepting and then refusing to return the Sales Proceeds for a Property that was never conveyed to Plaintiff and which was subsequently conveyed to the prior Purchaser.

41. The specific money misappropriated is a cash wire for a total of $518,865.23.

42. Defendant willfully misappropriated Plaintiff's money without authorization and knowingly in direct contravention of Plaintiff's repeated demands for the return of the funds based on the fraudulent transaction and failed sale of the Property.

43. Defendant's continuous and wrongful possession of Plaintiff's money has deprived Plaintiff of the use of the money Defendant misappropriated.

44. As a direct and proximate result of Defendant's wrongful misappropriation of Plaintiff's money, Plaintiff has been damaged.

WHEREFORE, Plaintiff, WEIZMAN FL PROPERTIES, LLC, demands judgment in its favor and against Defendant, MICHAEL MARANDA, for conversion and for any such further relief this Court deems just and proper. Plaintiff reserves the right to plead punitive damages.

Dated:  October 14, 2022

*/s/ Annie D. Rosenthal*
Steven M. Appelbaum
Florida Bar No. 71399
Annie D. Rosenthal
Florida Bar No. 1031335
**SAUL EWING ARNSTEIN & LEHR LLP**
701 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
steven.appelbaum@saul.com
annie.rosenthal@saul.com