UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WEIZMAN FL PROPERTIES, LLC,
a Florida limited liability company,

    Plaintiff,                                               CASE NO.: 1:22-cv-23362-KMW

v.

MICHAEL MARANDA, an individual,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**
**FINAL JUDGMENT AGAINST DEFENDANT MICHAEL MARANDA**

Plaintiff, WEIZMAN FL PROPERTIES, LLC ("<u>Plaintiff</u>"), pursuant to Federal Rule of Civil Procedure 55, Local Rule 7.1 and this Court's Order requiring Plaintiff to file this motion by March 15, 2023 [D.E. 16], moves for the entry of default final judgment against Defendant, Michael Maranda ("<u>Defendant</u>"). In support, Plaintiff states:

**Procedural History**

1.    On October 14, 2022, Plaintiff filed its Complaint [D.E. 1] against Defendant.

2.    On November 2, 2022, Plaintiff filed its Amended Complaint [D.E. 9] as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), and added a count for civil theft.

3.    On December 22, 2022, in response to this Court's December 12, 2022 Order requiring service of process by January 12, 2023 [D.E. 11], Plaintiff filed a Motion for Enlargement of Time to Effectuate Service of Process [D.E. 12] detailing the significant efforts it had undertaken to try to serve Defendant. This Court, finding good cause shown for the requested extension, granted Plaintiff's Motion on December 28, 2022 [D.E. 13], and required service of process by April 12, 2023.

4. On January 19, 2023, service of process was obtained on Defendant pursuant to Federal Rule of Civil Procedure 4(e)(1) and New York Civil Practice Law and Rules 308. Plaintiff filed the Affidavit of Service [D.E. 14] on January 27, 2023.

5. Defendant was required, yet failed, to file a written response to the Amended Complaint by February 9, 2023 pursuant to Federal Rule of Civil Procedure 12.

6. On February 13, 2023, this Court entered an Order directing the Clerk to enter a default and requiring Plaintiff to file a motion for final default judgment by March 15, 2023 [D.E. 15].

7. On February 13, 2023, the Clerk entered a default against Defendant [D.E. 16].

## Memorandum of Law

A. **Applicable Principles and Law**

8. Rule 55 of the Federal Rule of Civil Procedure sets forth a two-step process for a Plaintiff to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk must enter a default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant, so long as the defendant is not an infant or incompetent. *See* Fed. R. Civ P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

9. The Court may award damages where the record adequately reflects the basis for the award, which can be shown with submission of affidavits. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an

evidentiary hearing on the appropriate amount of damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

    **B. Analysis**

10. Plaintiff's Amended Complaint includes counts against the Defendant for Breach of Contract (Count I), Fraud (Count II), Conversion (Count III), and Civil Theft pursuant to Florida Statutes § 772.11 (Count IV) stemming from a failed real estate transaction.

11. As alleged in the Amended Complaint, Defendant duped Plaintiff into paying Defendant over $500,000.00 for a commercial property that Defendant was already under contract to sell to another prospective buyer and to which he knowingly could not convey clear title. *See* Am. Compl. ¶ 1. Defendant had refused to return the purchase price to Plaintiff and Defendant sold the Property to the prior contract purchaser leaving Plaintiff without its money and without the property it contracted to purchase. More specifically, as alleged in the Amended Complaint, and supported by the Affidavit of Plaintiff's Manager, Jonathan Weizman (the "Weizman Affidavit") [D.E. 17], the following underlying facts give rise to the claims at issue.

    **i. Facts Alleged in Complaint and Supported by Weizman Affidavit.**

12. On April 29, 2022, Plaintiff and Defendant entered into a Commercial Contract (the "Contract") whereby Plaintiff agreed to buy and Defendant agreed to convey commercial property located at 2375 N.W. 70 Avenue, Unit B8, Miami, Florida 33122 (the "Property") for a purchase price of $525,000.00. *See* Am. Compl. ¶¶ 7, 8; Weizman Aff. ¶ 11.

13. Closing occurred on May 13, 2022. *See* Am. Compl. ¶ 9; Weizman Aff. ¶ 12.

14. In connection with the closing, Defendant delivered, among other documents, a No Lien, Possession and Gap Affidavit (the "Affidavit"). In the Affidavit, Defendant represented, among other things, that Defendant had "not executed any contracts for sale affecting the Property

3

which is currently effective except for" the Contract between Plaintiff and Defendant. Defendant further represented that there were "no matters pending against" Defendant that "could give rise to a lien that would attach to the Property or would adversely affect the title to the Property or [Defendant's] ability to close on the sale of the Property . . ." Plaintiff reasonably and justifiably relied on the statements made by Defendant in the Affidavit. The statements made by Defendant in the Affidavit were false when made. *See* Am. Compl. ¶¶ 10, 11; Weizman Aff. ¶ 13

15.     Defendant also delivered to Plaintiff a Warranty Deed on the Closing Date. In the Warranty Deed, Defendant covenanted that he had lawful authority to sell and convey the Property, warranted title to the Property, and agreed to defend the title against lawful claims of other persons. Defendant did not, in fact, have lawful authority to sell and convey the Property to Plaintiff on the Closing Date. *See* Am. Compl. ¶ 12; Weizman Aff. ¶ 14.

16.     On May 13, 2022, Plaintiff wired the net sales proceeds to Defendant in the amount of $518,865.23(the "Sales Proceeds"). *See* Am. Compl. ¶ 13; Weizman Aff. ¶ 15.

17.     After the Closing Date, and after Defendant accepted the Sales Proceeds, Plaintiff, through its agent, discovered before recording the Warranty Deed that an action for specific performance had been filed against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and a Notice of *Lis Pendens* had been recorded in the Miami-Dade County, Florida Public Records against the Property by another purchaser (the "Prior Contract Purchaser") to whom Defendant had contracted to sell. *See* Am. Compl. ¶ 14; Weizman Aff. ¶ 16.

18.     According to the action filed by the Prior Contract Purchaser, Defendant had entered into a contract to sell the Property to the Prior Contract Purchaser on April 11, 2022 for a purchase price of $250,000.00, and with a scheduled closing date of May 2, 2022. The records filed in the action filed by the Prior Contract Purchaser make clear that on April 28, 2022, the same

day that Defendant signed the Contract with Plaintiff to sell the Property for more than double the amount he was under contract for with the Prior Contract Purchaser, Defendant advised the Prior Contract Purchaser by email that "[f]or personal reasons [Defendant] cannot sell the property[.]" *See* Am. Compl. ¶¶ 15, 16; Weizman Aff. ¶ 17.

19.     On May 4, 2022, ten (10) days before the Closing Date with Plaintiff and accepting the Sales Proceeds wired by Plaintiff, the Prior Contract Purchaser filed his action and recorded a Notice of *Lis Pendens* against the Property. *See* Am. Compl. ¶ 17; Weizman Aff. ¶ 18.

20.     Upon information and belief, Defendant was aware of the action filed by the Prior Contract Purchaser and the recording of the Notice of *Lis Pendens* prior to Defendant accepting Plaintiff's Sales Proceeds on May 13, 2022. *See* Am. Compl. ¶ 18; Weizman Aff. ¶ 19.

21.     The Prior Contract Purchaser resolved his action against Defendant through settlement, which included the conveyance of the Property to the Prior Contract Purchaser via Warranty Deed recorded on July 15, 2022, the filing of a Notice of Voluntary Dissolution of *Lis Pendens* on July 19, 2022, and the filing of a Notice of Voluntary Dismissal With Prejudice on September 27, 2022. *See* Am. Compl. ¶ 19; Weizman Aff. ¶ 20.

22.     Plaintiff has made repeated demands on Defendant to return the Sales Proceeds. *See* Am. Compl. ¶ 20; Weizman Aff. ¶ 21.

23.     Defendant continues to wrongfully retain the Sales Proceeds. *See* Am. Compl. ¶ 21; Weizman Aff¶ 22.

24.     Defendant pocketed at least $250,000.00 from the sale of the property to the Prior Contract Purchaser, and continues to wrongfully retain Plaintiff's $518,865.23 of Sales Proceeds for a Property that he could not validly convey to Plaintiff. *See* Am. Compl. ¶ 22; Weizman Aff. ¶ 23.

### ii.     Damages.

25.     Plaintiff seeks the entry of a final default judgment against Defendant for (i) treble damages under the civil theft statute in the amount of $1,556,595.69 (*i.e.*, the Sales Proceeds ($518,865.23) it paid for the Property x 3), (ii) reasonable attorneys' fees, and (iii) taxable costs it incurred in connection with this action.

26.     Plaintiff is entitled to its attorneys fees and costs as the prevailing party under the Contract, *see* Exh. A. to Am. Compl. (¶ 15: "In any claim or controversy arising out of or relating to this Contract, the prevailing party . . . will be awarded reasonable attorneys' fees, costs, and expenses"), and under Florida's Civil Theft Statute. *See* Fla. Stat. § 772.11(1) (a party who prevails under the civil theft statute is entitled to "reasonable attorney's fees and court costs in the trial and appellate courts.").

27.     Counsel for Plaintiff, Steven M. Appelbaum, Esq., has filed contemporaneously with this motion an affidavit setting for the reasonable attorneys' fees and costs incurred by Plaintiff in connection with this dispute.

### iii.     Defendants Pleads The Fifth Amendment In Still-Pending New York Litigation

28.     After discovering the action filed by the Prior Contract Purchaser, Plaintiff learned that Defendant is no stranger to the legal system and that this is not the first case where Defendant is alleged to have breached a contract, and committed fraud and conversion.  *See* Weizman Aff. ¶ 25.

29.     On May 10, 2022, three days before Plaintiff wired the Sales Proceeds to Defendant, Defendant was sued in New York by Bitcoin mining companies alleging, among other things, that Defendant converted tens of millions of dollars' worth of Bitcoin mining equipment. *Id.* ¶ 26.

30. In that case, after Plaintiffs repeatedly moved to compel Defendant to appear for deposition, Defendant sought to avoid a deposition by asserting his Fifth Amendment right against self-incrimination. However, on February 3, 2024, the Court, among other things, compelled Defendant to appear for deposition on February 7, 2023, reasoning that Defendant "cannot refuse to sit for an examination before trial by asserting his Fifth Amendment rights bust must instead assert his privilege at the deposition." *Id.* ¶ 27.

31. After entry of that Order, Defendant remotely appeared for deposition and, upon information and belief, asserted his Fifth Amendment right against self-incrimination to virtually every question. *Id.* ¶ 28.

**C. Breach of Contract**

32. "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

33. Plaintiff and Defendant entered into a written Contract whereby Plaintiff agreed to pay an agreed upon purchase price and Defendant agreed, among other things, to convey marketable title to the Property free of liens, easements, and encumbrances of record. *See* Am. Compl. ¶¶ 7, 8, 27.

34. Defendant materially breached the written Contract by failing to deliver fee simple title to the Property free of liens, easements and encumbrances of record. *Id.* at ¶¶ 14, 17, 28.

35. As a direct result of Defendant's material breach of the written Contract, Plaintiff has suffered damages, including the $518,865.25 of sales proceeds paid to Defendant that Defendant refuses to return, and attorneys' fees and costs incurred in connection with this dispute. *Id.* at ¶¶ 13, 20-22, 30-31.

36.     Plaintiff has pleaded all required elements of a breach of contract claim, which Defendant is deemed to have admitted as a matter of law based on the entry of default against him.

**D. Fraud**

37.     To prove common law fraud under Florida law, the plaintiff must show: (1) the defendant made a false statement or omission of material fact; (2) the defendant knew the statement was false; (3) the statement was made for the purpose of inducing plaintiff to rely on it; (4) plaintiff's reliance was reasonable; and (5) plaintiff suffered damages. *Broadway Gate Master Fund, Ltd. v. Ocwen Fin. Corp.*, 2016 WL 9413421, at *3 (S.D. Fla. June 29, 2016) (J. Dimitrouleas).

38.     Common law fraud is subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), which requires Plaintiff to allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shied of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).

39.     Plaintiff alleged the required elements with sufficient specificity. Plaintiff alleges that Defendant "knowingly and intentionally misrepresented" several material facts that Plaintiff reasonably and detrimentally relied upon to induce Plaintiff to wire sales proceeds to Defendant in the amount of $518,865.23. *See* Am. Compl. at ¶¶ 33-38. The Amended Complaint includes specific dates and references to specific statements in specific documents that Plaintiff reasonable relied upon. *Id.*

40.     Defendant's scheme surrounding the sale (*i.e.*, knowingly going through with the sale to Plaintiff because he knew he could get double the price, all while knowing that the Prior

Contract Purchaser had asserted his rights to purchase the Property) goes beyond merely breaching the Contract by failing to convey clear title.

41. Plaintiff has met the heightened pleading standard and pleaded all required elements of a common law fraud claim, which Defendant is deemed to have admitted as a matter of law based on the entry of default against him.

### E. Conversion

42. Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Special Purpose v. Prime One*, 125 F. Supp. 2d 1093, 1099-1100 (S.D. Fla. 2000). Money can be a proper "subject of conversion so long as it consists of specific money capable of identification." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970). "Money is capable of identification where it is delivered at one time, by one act and in one mass, *or* where the deposit is special and the identical money is to be kept for the party making the deposit, *or* where wrongful possession of such property is obtained." *Id.* (emphasis added).

43. Plaintiff alleges that Defendant misappropriated a specific sum of money ($518,865.23) that was wired on a specific date (May 13, 2022), and that Defendant refused to return the misappropriated funds after he failed to deliver clear title. *See* Am. Compl. at ¶¶ 13, 40.

44. Defendant then went a further Astep to sell the Property to the prior contract purchaser and accept additional funds ($250,000.00) from the Prior Contract Purchaser for the same Property that Plaintiff had paid to acquire. *Id.* ¶¶ 14, 19, 22.

45. Plaintiff is left without the Property it contracted to purchase and without the Sales Proceeds that Defendant converted.

46. Plaintiff pleaded all required elements of a common law fraud claim, which Defendant is deemed to have admitted as a matter of law based on the entry of default against him.

**F. Civil Theft**

47. "Under Florida law, a cause of action for civil theft 'derives from two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section.'" *Palmer v. Gotta Have it Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000), *quoting Ames v. Provident Life and Accident Ins. Co.*, 942 F. Supp. 551, 560 (S.D. Fla. 1994), *aff'd* 86 F.3d 1168 (11th Cir. 1996).

48. "To establish a claim for civil theft, [Plaintiff] must show that [Defendant] knowingly obtained or used, or endeavored to obtain or to use, [Plaintiff's] property with the intent to, either temporarily or permanently, deprive [Plaintiff] of a right to the property or a benefit from the property, or appropriate the property to [Defendant's] own use or to the use of any person not entitled to use the property. *Palmer*, 106 F. Supp. 2d at 1303, *citing* Fla. Stat. § 812.014(1).

49. Plaintiff alleges that Defendant willfully and knowingly, and with felonious and criminal intent, misappropriated Plaintiff's money for his own use by accepting and retaining the sales proceeds for the Property that Defendant could not validly convey to Plaintiff. *See* Am. Compl. at ¶¶ 46-51.

50. Defendant has refused to return the Sales Proceeds and cannot convey clear title to the Property because he no longer owns it since he conveyed it to the Prior Contract Purchaser.

51. Plaintiff, pursuant to Fla. Stat. § 772.11(1) sent Defendant a written demand for the treble damages amount, but Defendant failed to respond or otherwise comply with the statute's thirty (30) day deadline. *Id.* at ¶ 52.

### **Conclusion**

WHEREFORE, Plaintiff, WEIZMAN FL PROPERTIES, LLC, respectfully requests the entry of a default final judgment against Defendant, MICHAEL MARANDA, together with such other and further relief this Court deems just and proper.

Dated: March 13, 2023                                Respectfully submitted,

*/s/ Steven M. Appelbaum*
Steven M. Appelbaum
Florida Bar No. 71399
**SAUL EWING LLP**
701 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
steven.appelbaum@saul.com