**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

WEIZMAN FL PROPERTIES, LLC,
a Florida limited liability company,

    Plaintiff,                                   CASE NO.: 1:22-cv-23362-KMW

v.

MICHAEL MARANDA, an individual,

    Defendant.
_____/

**AFFIDAVIT OF ATTORNEYS' FEES AND COSTS**

STATE OF FLORIDA        )
                                    ) ss
COUNTY OF MIAMI-DADE  )

    BEFORE ME, the undersigned authority, personally appeared Steven M. Appelbaum, Esq. who after being duly sworn, deposes, and states:

    1.    I am a partner with the law firm of Saul Ewing LLP, and the attorney who has primary responsibility for representing Plaintiff Weizman FL Properties, LLC ("Weizman") in this action.

    2.    This affidavit is made for the purpose of establishing the amount of attorneys' fees that Weizman has paid, or will be obligated to pay, to Saul Ewing LLP, and the costs that Weizman has incurred, related to this action through March 9, 2023.

    3.    This affidavit is based upon my personal knowledge of the facts stated herein or those facts as they appear in the business records of Saul Ewing LLP. Those records were kept in the ordinary course of business at Saul Ewing LLP, and it was and is the regular practice of

the law firm to keep such records, including specifically time records kept and costs incurred by attorneys within the law firm.

4. The law firm's understanding or agreement with Weizman regarding fees for the firm's services is based upon a reasonable fee for hours spent on this case at an hourly rate.

5. Weizman incurred reasonable attorneys' fees related to this action through March 9, 2023 as set forth below.

| Attorney / Paralegal | Blended Rate | Hours Billed | Amount Billed |
|---|---|---|---|
| Steven M. Appelbaum, Esq. | $510.00 | 34.40 | $17,310.00 |
| Justin C. Danilewitz, Esq. | $675.00 | 0.20 | $135.00 |
| Stephanie L. Denker, Esq. | $405.00 | 0.40 | $162.00 |
| Jeffrey C. Gilbert, Esq. | $750.00 | 1.40 | $1,050.00 |
| Christie R. McGuinness | $370.00 | 0.40 | $148.00 |
| Annie D. Rosenthal, Esq. | $330.00 | 26.00 | $7,596.00 |
| Ashley H. Saul, Esq. | $350.00 | 4.00 | $1,400.00 |
| Sandra Ruiz | $275.00 | 0.80 | $220.00 |
| | *TOTAL:* | 67.60 | **$28,021.00** |

6. So that the Court may consider the relevant guidelines for an award of attorneys' fees as set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985),[1] the following information is submitted:

    a. <u>The time and labor required</u>. A total of 76.60 attorney and paralegal hours were spent related to this action.

    b. <u>Novelty or difficulty of the questions</u>. This case does not present novel or difficult questions.

---

[1] Federal courts applying Florida law apply the lodestar method in assessing the reasonableness of attorneys' fees. *ECOM Products Group Corp. v. Cox*, 2022 WL 13631780, at *2 (M.D. Fla. Oct. 21, 2022) (Slip Op.).

   c. <u>The skill requisite to perform the legal services properly</u>. The filings in this action speak for themselves and should be considered by the Court in connection with this consideration.

   d. <u>Preclusion of other employment by the attorney due to the acceptance of this case</u>. No extraordinary consideration need be given this factor.

   e. <u>The customary fee</u>. The hourly fees charged in this case are reflected in paragraph 5 above. These rates are the standard rates regularly charged by the firm to other clients and do not exceed rates charged for similar work by attorneys in the area.

   f. <u>The amount involved and the results obtained</u>. Through this action, Plaintiff is seeking to recover funds wired to Defendant in the amount of $518,865.23, in addition to attorneys' fees and costs, and treble damages under Florida's civil theft statute.

   g. <u>Time limitations by the client or circumstances</u>. No extraordinary consideration need be given this factor.

   h. <u>The nature and length of the professional relationship with the client</u>. The firm has represented Plaintiff since September 2022.

   i. <u>The experience, reputation, and ability of attorneys</u>. These factors are reflected in the rates charged by Saul Ewing LLP in this matter.

   j. <u>Whether the fee is fixed or contingent</u>. The fee is fixed.

   k. <u>Awards in similar cases</u>. No extraordinary consideration need be given this factor.

7. In addition to attorneys' fees, Weizman incurred taxable costs in the following amounts:

| Task | Amount |
| --- | --- |
| Filing fees | $402.00 |

| Service of Process[2] | $974.75 |
|---|---|
| *TOTAL:* | *$1,376.75* |

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: March 13, 2023.

Steven M. Appelbaum, Esq.

STATE OF FLORIDA )
) ss:
COUNTY OF MIAMI-DADE )

SWORN TO AND SUBSCRIBED before me by Steven M. Appelbaum, by means of ☐ physical presence or ☐ online notary this 13 day of March, 2023.

Notary Public, STATE OF FLORIDA

My Commission Expires: May 5th, 2026    Print Name: Jerel Maragh

JEREL A MARAGH
Notary Public - State of Florida
Commission # HH 261523
My Comm. Expires May 5, 2026
Bonded through National Notary Assn.

---

[2] Plaintiff requested that Defendant waive service of process. D.E. 12. Defendant failed to waive service of process, and therefore, Plaintiff seeks the recoup the expenses incurred in connection with service of process as a taxable costs. Fed. R. Civ. P. 4(d)(2).

4

41293358.1