UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WEIZMAN FL PROPERTIES, LLC,
a Florida limited liability company,

        Plaintiff,

Case No.: 1:22-cv-23362-KMW

vs.

Michael Maranda, an individual,

        Defendant.

_____/

## MOTION TO QUASH SERVICE AND SET ASIDE CLERK'S DEFAULT

Defendant, MICHAEL MARANDA, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 55 (c) and 60 (b)(2), and Local Rule 7.1, files this motion to quash service upon Defendant and set aside the Clerk's default entered against him on February 13, 2023. In support, the Defendant states:

### FACTS

1. The Affidavit of Service for the Service of Process states that the Amended Complaint was "AFFIXED TO PREMISES" on January 19, 2023, at 122 Fairfield Avenue, Holbrook, NY 11741 (the "Premises") and by mailing a copy of the Amended Complaint to the same address on January 19, 2023.

2. New York Civil Practice Law and Rule 308(4) "Nail and Mail" for personal service on a natural person requires (1) affixing the papers to the door of either the actual place of business, **dwelling place** or usual place of abode within the state of the person to be served, and (2) either mailing the papers to the person to be served at his or her **last known residence** or by mailing them by first class mail to the person's actual place of business. (emphasis supplied)

3. Included in the narrative of the listed Service Attempts, the Suffolk County Sheriff's Office Process Server affiant notes:

> "12/22/22 1524 hrs Def Michael Maranda called SCSO civil bureau and stated that he received message and that his atty told him he does not have to accept service and that he has no intention of doing so and that **he moved out of state**." [D.E. 14] (emphasis supplied).

4. The Suffolk County Sheriff's Office process server had actual knowledge that this residence was not the dwelling place or the usual place of abode of the Defendant.

5. In spite of the knowledge that the Defendant did not reside at this address, the process server affixed the summons to the premises and mailed a copy to the Premises.

6. According to the notes on the summons itself, Mr. Maranda advised the Suffolk County Sheriff's Office Civil Division that he did not live at that

address, he had moved out of state and rented the premises to another person.

7. The Process Server noted in the Affidavit of Service he observed packages addressed to Mr. Maranda, presumably as evidence that Mr. Maranda lived there. These packages contained household items ordered by Mr. Maranda and delivered to the residence for the use of the tenant renting the furnished residence.

8. The Clerk entered a default against the Defendant on February 13, 2023 [D.E. 16].

9. Defendant has several meritorious defenses to Plaintiff's claims and allowing the Default to stand would result in substantial injustice.

10. Defendant never intentionally ignored the matter and believed he had not been served.

11. Prior to the Complaint and the Amended Complaint being filed, the Defendant had been in negotiations with counsel for the Plaintiff.

12. The Defendant never intentionally misled the Plaintiff regarding the existence of any liens against the property and was operating under a mistaken belief that his cancelation of the first contract was effective.

13. After the Defendant learned of the lien and the pending case for specific performance, he advised the Plaintiff that he would be forced to sell the property at a loss under the first contract.

14. Upon learning of the Clerk's default against him, the Defendant exercised due diligence and promptly began searching for counsel to represent him.

15. Setting aside the Clerk's default will not prejudice the Plaintiff.

## Memorandum of Law

16. After the entry of a Clerk's Default, the defaulting Defendant may move the Court to set aside the default within a reasonable time pursuant to Federal Rule of Civil Procedure 55 (c) and Florida Rules of Civil Procedure 1.540(b). Additionally, Fed. R. Civ. P 55(c) provides that the "[t]he court may set aside an entry of default for good cause."

17. Service of Process within a judicial district of the United States is governed by Rule 4(e) of the Federal Rules of Civil Procedure which allow service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In this case, the state is New York, where the statute (CPLR §308) provides personal service shall be made by personal delivery, substituted service, serving an agent, or Nail and Mail. For Nail and Mail to be effective, the papers may be served by affixing them to the **actual** place of business, dwelling place or usual place of abode. (emphasis supplied) Personal service upon a natural person (CPLR §308) In this case, the Suffolk County Sheriff's Office

Process Server knew that Mr. Maranda did not live at this address and had moved out of the state. It constitutes bad service to Nail and Mail to an address which is known not to be the Defendant's dwelling place or usual place of abode.

18. The purpose of Service of Process is to obtain personal jurisdiction over the defendant and without proper service, the Court lacks jurisdiction over the Defendant. *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805–06 (11th Cir. 2015). "Since statutes governing service of process are to be strictly construed, § 48.062 must be strictly construed and complied with to validly serve process." (internal quotation marks omitted); *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 615CV709ORL40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016) (stating that Florida law clearly demands strict compliance with the procedures in § 48.062).

19. Florida public policy encourages trial courts to exercise discretion so that all reasonable issues are resolved in favor of the party against whom the default has been entered. *Gibson Trust, Inc. v. Office of the Atty. Gen.*, 883 So.2d 379, 382 (Fla. 4th DCA 2004). This well-established policy favors determinations of controversies on the merits of the case rather than on a procedural or technical basis. *Edwards v. Najjar*, 748 So. 2d 1101, 1103 (Fla. 3d DCA 2000).

20. The entry of a default is not "designed to give a strategic advantage to the plaintiff so that it may obtain a judgment without dealing with the defendant's challenges and defenses." *Makes & Models Magazine, Inc. v. Web Offset Printing, Co.*, 13 So. 3d 178, 181 (Fla. 2d DCA 2009), citing *Ole, Inc. v. Yariv*, 566 So. 2d 812 (Fla. 3d DCA 1990). The Clerk's default may properly be set aside upon showing the Defendant's meritorious defense, establishment of excusable neglect or demonstrated due diligence. *North Shore Hospital, Inc v. Barber*, 143 So. 2d 849 (Fla. 1962).; *Moreno Construction, Inc. v. Clancy & Theys Construction Co.*, 722 So. 2d 976 (Fla. 5th DCA 1999). Furthermore, Florida Courts have recognized that a general denial is usually enough to establish a meritorious defense for the limited purpose of setting aside a Clerk's Default. *Quest Diagnostics, Inc. v. Haynie*, 320 So. 3d 171, 175 (Fla. 4th DCA 2021).

21. The Second DCA held "[A] judgment that is entered against a defendant when the court has no personal jurisdiction over the defendant is generally regarded as a void judgment."); *Great Am. Ins. Co. v. Bevis*, 652 So.2d 382, 383 (Fla. 2d DCA 1995).

### Application

22. The Defendant was not properly served on January 19, 2023, as required by Federal Rule of Civil Procedure 49(e)(2), New York Civil

Practice Law and Rules, and the Florida Rules of Civil Procedure in that the residence where the Summons and Amended Complaint were affixed and mailed to was not the Defendant's dwelling place or usual place of abode. The SCSO Process Server knew this was not the dwelling place or usual place of abode for Mr. Maranda.

23. The Clerk's Default is void as a matter of law due to the lack of proper service on the Defendant and the Plaintiff failed to establish personal jurisdiction over the Defendant.

24. The Defendant has established good cause for quashing the service and setting aside the default and has acted promptly to cure the default and intends to litigate this case.

**WHEREFORE**, Defendant, Michael Maranda, respectfully requests that this Honorable Court enter an order quashing the service of process and setting aside the Clerk's Default.

Dated: March 17, 2023

Respectfully submitted,

_____
**HAGOOD & HAGOOD, PLLC**
Hunter A. Hagood-James, Esq.
Florida Bar No. 1020504
501 N Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 414-3846

Primary Service Email Address:
EService@HagoodHagood.com
*Counsel for the Defendant*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by e-service electronic filing on March 17, 2023, on counsel or parties of record on the Service List below.

_____
Signature of Filer

## SERVICE LIST

Steven M. Appelbaum
steven.appelbaum@saul.com
SAUL EWING LLP
701 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
Attorneys for Plaintiff